Filed 10/24/23  P. v. Alvares CA1/1
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>SESAR ANTHONY ALVARES,<br><br>        Defendant and Appellant. | A167155<br><br>(Sonoma County<br>Super. Ct. No. SCR-7436941) |

Sesar Anthony Alvares appealed after he was sentenced following his plea to two domestic-violence charges.  His appellate attorney has asked the court for an independent review of the record under *People v. Wende* (1979) 25 Cal.3d 436.  We find no arguable issues and affirm.

Alvares was charged by felony information with various domestic-violence charges related to injuring two women he was dating on five separate occasions, in December 2019 and in February, May, and September 2020 (the first victim), as well as in January 2021 (the second victim).  The information further alleged that Alvares had suffered a prior strike and a prior serious felony.

In May 2022 Alvares pleaded no contest to two counts of willful infliction of corporal injury resulting in traumatic condition of someone with

1

whom he had a dating relationship (Pen. Code, § 273.5, subd. (a))[1] in connection with the incidents in September 2020 and January 2021, and he admitted the prior strike. Alvares also stipulated that certain aggravating factors existed. (Cal. Rules of Court, rule 4.421(a)(1) [great violence], (a)(3) [particularly vulnerable victim], (b)(1) [violent conduct indicating danger to society], (b)(2) [prior conviction], (b)(3) [prior prison term].) Under a plea agreement, an enhancement and other charges were dismissed.

Before sentencing, in October 2022, Alvares filed a motion to strike his previous strike conviction under section 1385 and *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497. The motion referred to then-recent changes to section 1385 and argued that four factors weighed in favor of dismissing the strike in the furtherance of justice. (§ 1385, subd. (c)(2)(D) [offense connected to mental illness], (c)(2)(E) [offense connected to prior victimization or childhood trauma], (c)(2)(F) [offense not a violent felony as defined in § 667.5, subd. (c)], (c)(2)(H) [enhancement based on prior conviction over five years old].) The People opposed the motion.

The trial court denied the *Romero* motion. But whereas the probation department recommended that Alvares receive the upper term (which would have resulted in a total prison term of 10 years), the trial court found there to be mitigating circumstances. The court thus sentenced Alvares to the midterm of three years on one of the counts, plus one third the midterm of one year on the other count, doubled because of the strike, for a total of eight years in prison. The court also imposed the minimum fine under section 1202.4, subdivision (b), and imposed various other fines and fees.

Alvares timely appealed. The trial court granted his request for a certificate of probable cause on the issue of whether the court abused its

---

[1] All statutory references are to the Penal Code.

2

discretion in denying Alvares's *Romero* motion. (§ 1237.5 [requirement for certificate of probable cause when appealing following plea]; but see Cal. Rules of Court, rule 8.304(b)(2)(B) [no certificate necessary when appeal challenges sentence or other matters occurring after plea that do not affect plea's validity], *People v. Cole* (2001) 88 Cal.App.4th 850, 869–870 [no certificate of probable cause needed to argue that trial court abused its discretion in failing to strike a prior conviction].)

The trial court did not abuse its discretion in declining to strike Alvares's previous strike, and the sentence imposed likewise was authorized and not an abuse of discretion. The fines and fees imposed also were authorized. We find no arguable issues.

The judgement is affirmed.

_____
Humes, P.J.

WE CONCUR:

_____
Banke, J.

_____
Getty, J.*

*Judge of the Superior Court of the County of Solano, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

*People v. Alvares*  A167155

4